UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., <br> as Broadcast Licensee of the <br> July 15, 2006, Mosley/Vargas Event, <br><br> *Plaintiff*, <br><br> v. <br><br> Jose Armando Flores, Individually <br> and *d/b/a* Little Casita Mexican <br> Restaurant; <br><br> and <br><br> Miguel Angel Madrid, Individually <br> and *d/b/a* Little Casita Mexican <br> Restaurant <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | Civil Action H-09-2220 |

## Memorandum and Order

Pending before the court are the plaintiff's request for entry of default and motion for default judgment against defendant Jose Armando Flores, individually and *d/b/a* Little Casita Mexican Restaurant. Dkts. 9, 10. For the following reasons, the request and motion are GRANTED.

### Factual and Procedural Background

The plaintiff, J&J Sports Productions, Inc. ("J&J"), is a broadcast licensee authorized to sub-license the closed-circuit telecast of the July 15, 2006 "The Rematch": The Shane Mosley v. Fernando Vargas, II Light Middleweight Fight Program (the "Event"). Dkt. 1 at 3. J&J was licensed to exhibit the Event at closed circuit locations throughout Texas. *Id.* Commercial customers could receive and broadcast the program only through purchase from J&J. *Id.* After receiving sublicense fees, J&J provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.* at 4.

Defendant Jose Armando Flores was an owner/manager of Little Casita Mexican Restaurant at the time of the July 15 broadcast. *Id.* at 2. The complaint alleges that Flores unlawfully intercepted J&J's signal and exhibited the Event to customers in its establishment[1] without having paid the required fees. *Id.* at 4. J&J claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections. *Id.* at 5. J&J served the defendant with process on July 27, 2009, but to date defendant has not filed a responsive pleading in the case. J&J now moves for entry of default and default judgment against Flores.

## ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. FED. R. CIV. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5. In this case plaintiff seeks statutory damages, additional damages, attorney's fees, costs, post-judgment interest, and a permanent injunction against the defendant. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case; § 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; § 605(e)(3)(B)(iii) mandates that courts award attorney's fees and allows courts to award full costs; and § 605(e)(3)(B)(I) permits courts to grant injunctions.[2]

---

[1] The Affidavit of Boris Hernandez indicates that he observed approximately 20 people in the establishment during the broadcast of the Event. Dkt. 11, Ex. A-2 at 1.

[2] Even though plaintiff alleges violations of both § 553 and § 605, it is not clear that damages resulting from one unlawful act of cable or satellite piracy are recoverable under both sections. The Fifth Circuit has not explicitly addressed whether recovery under both sections for the same action is permissible. *See Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (recognizing the disagreement on the issue of double recovery and citing *United States v. Norris*, 88 F.3d 462, 466 (7th Cir. 1996), for the proposition that a plaintiff may not recover under both sections). Even courts holding that liability overlaps between § 553 and § 605 often have chosen to impose liability under § 605 because it is more generous to plaintiffs. *See Entm't by J&J, Inc. v. Al-Waha Enter., Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002).

Plaintiff properly served process on defendant by personally serving through a process server. The summons was addressed to defendant and explained the consequences of not answering the complaint pursuant to the Federal Rules of Civil Procedure. Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to the defendant via certified mail, return receipt requested. Accordingly, defendant was properly served in this case with process and plaintiff's default motion. Given defendant's failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action.

Specifically, plaintiff has requested statutory damages in the amount of $10,000; additional damages in the amount of $50,000; attorney's fees of 33 1/3 % contingency or $1,000 based on an hourly rate; conditional attorney's fees; costs; post-judgment interest; and a permanent injunction prohibiting defendant from intercepting or exhibiting an unauthorized program in violation of the Federal Communication Act. The court finds the requested relief to be reasonable in this case with the exceptions that statutory damages will be awarded in the amount of $5,000; additional damages will be awarded in the amount of $10,000; attorney's fees will be awarded in the amount of $1,000; and post-judgment interest shall accrue at the rate of 0.29% per annum.

Furthermore, J&J is entitled to recover the following conditional awards of attorney's fees from Flores in the following circumstances:

> a. Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in this action;

  b.  Fifteen Thousand Dollars ($15,000.00) in the event defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

  c.  Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the judgment obtained in this action;

  d.  Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the judgment obtained in this action; and

  e.  Two Thousand Dollars ($2,000.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

## CONCLUSION

For the foregoing reasons, plaintiff's requests for entry of default and motion for default judgment are GRANTED.

It is so ORDERED.

Signed at Houston, Texas on December 11, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY